ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

CHRISTOPHER J. NEUMANN, ESQ.
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email: neumannc@gtlaw.com
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOHN C. VANBIBER,<br><br>                            Plaintiff,<br><br>     v.<br><br>C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>                            Defendants. | Case No. 2:19-cv-01884-KJD-BNW |

**STIPULATION AND ORDER TO STAY CASE**

(FIRST REQUEST)

The Parties to the above-captioned matter hereby stipulate and jointly request this Court to stay this case through August 17, 2020, and extend any existing deadlines impacted by the stay for sixty (60) days to permit them to pursue negotiations of a global settlement of this and all cases filed by Plaintiff's counsel in similar matters. For the past two months, the Parties have been working together cooperatively and diligently on settlement efforts. The Parties believe that a stay is necessary to conserve their resources and attention so that they

- 1 -

may attempt to resolve this case and the claims of other plaintiffs represented by Plaintiff's counsel.

Plaintiff's counsel in this matter represents approximately 400 plaintiffs with cases proceeding in this and other courts across the country asserting similar claims against Defendants for injuries they contend arise out of their use of Defendants' IVC filters. Plaintiff's counsel was actively involved in IVC filter litigation against Defendants both prior to the formation of the MDL and in the MDL, including actively participating in the bellwether trials. Defendants have retained Chip Gaudreau as settlement counsel for their IVC filter cases; and Mr. Gaudreau has successfully resolved thousands of similar cases with other counsel representing similar plaintiffs. Thus, Defendants and counsel for Plaintiff are well experienced in the claims and issues in these cases in order to successfully negotiate the resolution of such cases.

As a result, counsel for the Parties have had numerous discussions in an attempt to achieve a global settlement of the cases and claims of the plaintiffs represented by Plaintiff's counsel. Counsel for the Parties have been actively negotiating a potential settlement during the past two months, including the exchange of extensive information, medical records, and medical imaging, to facilitate settlement discussions. Notwithstanding that fact and the Parties' diligence in working cooperatively toward settlement, the process of collecting and reviewing medical records in hundreds of cases is taking longer than originally anticipated because of hospital delays resulting from COVID-19.

The Parties have scheduled a mediation on August 15 and 16, 2020 with a mediator who has successfully mediated the settlement of numerous individual Bard IVC filter cases as well as several large "group" settlements of such cases. The Parties request a stay through August 17, 2020 to allow them to complete that process. As part of that process, the Parties and their counsel have agreed to "stand down" while they continue to pursue settlement discussions. Thus, the Parties stipulate and jointly request this Court to enter a stay of all discovery through and including August 17, 2020 and extend all pretrial deadlines in this case.

- 2 -

ACTIVE 51350951v1

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

This Court therefore has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (*citing, Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) ("Whether to grant a stay is within the discretion of the court"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.")

In deciding whether to stay proceedings, courts weigh the competing interests of the parties and the court.

> Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

/ / /

- 3 -

ACTIVE 51350951v1

*Lockyer,* 398 F.3d at 1110 (*citing, Landis*, 299 U.S. at 255). Facilitating the efforts of parties to resolve their disputes weighs in favor of granting a stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and permit them to mediate global settlement. The Court granted the stay, finding the parties would be prejudiced if required to move forward with discovery at that time and a stay would potentially prevent an unnecessary complication in the case. *Id*. at *3. Similarly, the Parties in the present case are engaged in ongoing global settlement negotiations with mediation scheduled on August 15 and 16, 2020.

Thus, in order to facilitate settlement and conserve the resources of this Court and the Parties, the Parties stipulate and jointly request this Court to enter a stay of this case through August 17, 2020. The Parties further request that the Court extend the deadlines in this case by sixty (60) days (or less to accommodate holidays) in light of the stay and the Parties' agreement to "stand-down" and focus on settlement, as follows:

| EVENT | EXISTING DEADLINE | PROPOSED EXTENDED DEADLINE |
|---|---|---|
| Fact discovery closes. | September 28, 2020 | November 20, 2020 |
| The Plaintiff shall produce expert reports. | October 12, 2020 | December 11, 2020 |
| The Defendants shall produce expert reports. | November 11, 2020 | January 11. 2021 |
| The Plaintiff shall produce any rebuttal expert reports. | December 9, 2020 | February 8, 2021 |
| The Defendants shall produce any rebuttal expert reports. | January 6, 2021 | March 8, 2021 |
| Deadline to depose the Plaintiff's experts. | February 3, 2021 | April 5, 2021 |
| Deadline to depose the Defendants' experts. The Plaintiff's experts will be deposed before the Defendants' experts on the same topic. | March 5, 2021 | May 4, 2021 |
| Deadline to file Daubert motions and other dispositive motions. | April 23, 2021 | June 22. 2021 |

- 4 -

ACTIVE 51350951v1

Respectfully submitted this 8th day of July 2020.

| DALIMONTE RUEB STOLLER, LLP | GREENBERG TRAURIG, LLP |
|---|---|
| By: /s/ Gregory D. Rueb<br>GREGORY D. RUEB, ESQ.<br>*Admitted Pro Hac Vice*<br>515 S. Figueroa Street, Suite 1550<br>Los Angeles, California 90071<br>greg@drlawllp.com<br><br>BRIAN D. NETTLES, ESQ.<br>NETTLES MORRIS<br>1389 Galleria Drive, Suite 200<br>Henderson, Nevada 89014<br>brian@nettlesmorris.com<br><br>*Counsel for Plaintiff* | By: /s/ Eric W. Swanis<br>ERIC W. SWANIS, ESQ.<br>Nevada Bar No. 6840<br>10845 Griffith Peak Drive<br>Suite 600<br>Las Vegas, Nevada 89135<br>eswanis@gtlaw.com<br><br>CHRISTOPHER NEUMANN, ESQ.<br>*Admitted Pro Hac Vice*<br>1144 15th Street, Suite 3300<br>Denver, Colorado 80202<br>Email: neumannc@gtlaw.com<br><br>*Counsel for Defendants* |

## ORDER

The Court, having reviewed the stipulation of the Parties, and good cause appearing therefore:

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that all activity in this case shall be stayed through and including **August 17, 2020**.

**IT IS FURTHER HEREBY ORDERED ADJUDGED AND DECREED** that the discovery deadlines are extended as set forth above.

**IT IS SO ORDERED.**

Dated this 29TH of July 2020.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

ACTIVE 51350951v1